UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PRUDEN, :
:
    Plaintiff, : CIVIL NO. 3:CV-07-1846
:
v. : (Judge Caputo)
:
DOCTORS-UNKNOWN NAMES, *et al.*, :
:
    Defendants. :

### MEMORANDUM

### BACKGROUND

    Plaintiff Ronald Pruden, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, initiated this action *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983.  On October 11, 2007, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2).[1]  For the reasons set forth below, Plaintiff's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

    In his "Statement of Claim" section of his Amended Complaint, Plaintiff alleges as follows:

    Plaintiff was refused Parkinson's disease medication from 1999 through October 2005.  (Doc. 1 at 2.)  He signed up for sick call to see the dentist two times that week and the dentist was conspiring not to see him.  (*Id*.)  The psychiatrist is conspiring to refuse him

---

[1].  Plaintiff completed this Court's form application to proceed *in forma pauperis* and authorization form (Doc. 6).  On November 5, 2007, the Court issued an Administrative Order (Doc. 7) directing the Warden of SCI-Graterford to commence deducting the full filing fee from Plaintiff's prison trust fund account.

services and "medical paygroup." (*Id*.)   As relief, Plaintiff seeks removal from the Pennsylvania prison system.  (*Id.* at 3.)

## DISCUSSION

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated the following civil actions which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: (1) *Pruden v. SCI-Camp Hill, et al*, Civil No. 3:07-CV-0604 (M.D. Pa. June 21, 2007) (complaint dismissed for failure to prosecute after Plaintiff failed to file amended complaint in compliance with Court Order), *appeal dismissed*, No. 07-3073 (3d Cir. October 30, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (2) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (3) *Pruden v. Department of Corrections*, Civil No. 3:07-CV-0768 (M.D. Pa. May 15, 2007) (complaint dismissed *sua sponte* as frivolous), *appeal dismissed*, No. 07-

3074 (3d Cir. October 4, 2007)(appeal dismissed for lack of jurisidiction because Plaintiff filed appeal beyond time prescribed by FED. R. APP. P. (4)(a)(1)(A)).

      The "imminent danger" exception to 1915(g)'s "three strikes" rule is inapplicable in this case.  The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Plaintiff alleges that he was denied Parkinson's disease medication from 1999 through 2005.  He does not allege that he was being denied medication at the time he filed his complaint.  While he claims that the dentist and psychiatrist were conspiring not to see him, he does not allege that he was in imminent danger of serious physical injury.  Thus, pursuant to the standards announced in §1915(g), Plaintiff's present civil rights action is barred under §1915(g).  An appropriate Order will follow.

March 17, 2008                              s/ A. Richard Caputo  
                                                    A. RICHARD CAPUTO  
                                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PRUDEN, :
:
    Plaintiff, : CIVIL NO. 3:CV-07-1846
:
v. : (Judge Caputo)
:
DOCTORS-UNKNOWN NAMES, *et al.*, :
:
    Defendants. :

## ORDER

**AND NOW, THIS 17th DAY OF MARCH, 2008**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docs. 2) is **DENIED** as moot.

    2.    Plaintiff's Complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

    3.    The Administrative Order (Doc. 7) is **VACATED**.

    4.    The Clerk of Court is directed to close this case.

    5.    Any appeal from this Order will be deemed frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

                s/ A. Richard Caputo
                A. RICHARD CAPUTO
                United States District Judge